UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| WALTER WILLIAM MOORE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 16-398-NT |
| | ) | |
| MAINE DEPT. OF CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants | ) | |

ANSWER OF DEFENDANTS MAINE DEPARTMENT OF CORRECTIONS, MAGNUSSON,
FITZPATRICK, MERRILL, AND LIBERTY

Defendants Maine Department of Corrections, Magnusson, Fitzpatrick, Merrill, and

Liberty, through their counsel, hereby answer the complaint and the supplement to the complaint

in this action.

1. The defendants are without knowledge or information sufficient to form a belief as to

   whether or not the plaintiff has begun other lawsuits relating to the plaintiff's

   imprisonment.

2. The defendants admit that the place of the plaintiff's present confinement is the Maine

   State Prison.

3. The defendants admit that there is a prisoner grievance process at the Prison.

4. The defendants admit that the plaintiff has filed grievances that present some of the facts

   relating to the complaint.  However, they deny that the plaintiff did so in accordance with

   the requirements of the grievance process or that he has exhausted his administrative

   remedies as required.

5.  The defendants deny that all these grievances were appealed to the State Commissioner level.  The defendants are without knowledge or information sufficient to form a belief as to what the plaintiff means by "placed a number of requests."

6.  The defendants admit that all these grievances were denied or dismissed.  The defendants deny that one reason was being time barred.  The defendants are without knowledge or information sufficient to form a belief as to what the plaintiff means by "dismissed without merit."

7.  The defendants admit that the plaintiff's name on court paperwork is Walter M. Moore, that Walter William Moore is listed as an alias, and that the plaintiff has used the name Nikki Natasha Petrovickov.

8.  The defendants admit the persons named as defendants are as set out in the complaint, except that there are some misspellings.

9.  The defendants deny that the plaintiff is being denied adequate health care.

10.  The defendants admit that upon intake to the Maine State Prison on February 18, 2005, the plaintiff reported receiving female hormones while in the community and continued to receive them at the Prison for three days, after which the hormones were discontinued by a primary care provider working at the Prison pursuant to a contract for Correctional Medical Services to provide medical care to prisoners.  The defendants admit that the plaintiff grieved this but deny that it was grieved immediately or that plaintiff was "shut down" by defendant Merrill.

11.  The defendants admit that in November of 2008, the plaintiff was sent to Riverview for a mental health evaluation, but are without knowledge or information sufficient to form a belief as to whether or not the plaintiff was put back on hormones while at Riverview.

2

12. The defendants are without knowledge or information sufficient to form a belief as to whether or not the plaintiff was taken off hormones when he was returned to the Prison. The defendants deny that the plaintiff filed any grievances about this.  The defendants are without knowledge or information sufficient to form a belief as to what plaintiff means by "filed requests to medical and the prison."  The defendants are without knowledge or information sufficient to form a belief as to the allegation relating to defendant Trish (sic).  The defendants admit that defendant Merrill was the Warden at that time and that defendant Magnusson was the Commissioner at that time.

13. The defendants admit that the plaintiff has been seen by a number of doctors.  They admit that the plaintiff has engaged in self-injurious behavior, but deny that is the result of any conduct of the defendants.  They deny all other allegations in the paragraph numbered 2 on page 4 of the complaint.

14. The defendants admit that some of plaintiff's grievances have been denied.  They deny all other allegations in the paragraph numbered 3 on page 4 of the complaint.

15. The defendants admit that there are several transgender inmates at the Maine Correctional Center, some of whom are in the Women's Center, and they admit that whether there is a need for mental health treatment and/or hormone treatment has and is being addressed for those prisoners.  They deny all other allegations in the first substantive paragraph in the supplement to the complaint.

16. The defendants admit that there are no plans at the present time to transfer the plaintiff to the Maine Correctional Center.  The defendants are without knowledge or information sufficient to form a belief as to whom the plaintiff is referring in the allegation about making an inquiry about such a transfer.  The defendants are without knowledge or

information sufficient to form a belief about "treatment prior to incarceration." They

deny all other allegations in the second substantive paragraph in the supplement to the

complaint.

17. The defendants are not required to respond to the allegations against defendant Clinton

and "Dr." Rick Liberty. They deny all other allegations in the third substantive paragraph

in the supplement to the complaint.

18. The defendants admit that the plaintiff has severe mental health issues. They deny all

other allegations in the fourth substantive paragraph in the supplement to the complaint.

19. The defendants deny that they are prejudiced against the plaintiff or that there is any risk

of irreparable harm.

The rest of the plaintiff's complaint and supplement to the complaint consists of demands for

relief and, therefore, requires no responsive pleading.

To the extent that there are any allegations that require response and to which the defendants

have yet to respond, those allegations are denied.

Further answering, the defendants offer the following defenses:

1.      The defendants did not violate any constitutional right of the plaintiff.

2.      They plaintiff's claims are barred by the doctrine of qualified immunity.

3.      The plaintiff's claims are barred by failure to exhaust administrative remedies.

4.      The plaintiff's claim for compensatory damages for mental injury is barred by the

Prison Litigation Reform Act.

5.      The plaintiff's claim for compensatory damages for physical injury fails for

failure to allege any such injury caused by the defendants.

4

6.      The plaintiff's own conduct caused, contributed to, or failed to mitigate the plaintiff's injuries.

7.      The conduct of third parties caused or contributed to the plaintiff's injuries.

8.      The plaintiff's claims against Maine Department of Corrections are barred by 11th Amendment immunity and because a state agency is not a "person" within the meaning of 42 USC § 1983.

9.      The plaintiff fails generally to state a claim upon which relief may be granted.

Dated:  November 7, 2016                      /s/ Diane Sleek
                                              DIANE SLEEK, AAG
                                              Office of Attorney General
                                              Six State House Station
                                              Augusta, ME 04333-0006
                                              Tel. (207) 626-8800


CERTIFICATE OF SERVICE

I hereby certify that, on this date, I electronically filed this paper with the court using the ECF system, which will send notice of filing to Robert S. Hatch, Esq. and Elizabeth K. Peck, Esq. and that I caused one copy of this filing to be served upon Walter William Moore, Maine State Prison, 807 Cushing Road, Warren, ME 04864 by having the same deposited in the United States Mail, postage prepaid.


Dated:  November 7, 2016                      /s/ Diane E. Sleek
                                              DIANE E. SLEEK, AAG