UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WALTER WILLIAM MOORE, )<br>a/k/a Nikki Natasha Petrovickov, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MAINE DEPARTMENT OF CORRECTIONS, )<br>et al., )<br>)<br>    Defendants ) | 1:16-cv-00398-NT |

**RECOMMENDED DECISION ON PLAINTIFF'S REQUESTS
FOR INJUNCTIVE RELIEF**

In this action, Plaintiff, an inmate at the Maine State Prison, alleges a civil rights violation based on the denial of appropriate medical treatment.

The matter is before the Court on Plaintiff's Motion for Order of Medical Services (ECF No. 89), Plaintiff's First Motion Requesting Judicial Review (ECF No. 101), and Plaintiff's Second Motion Requesting Judicial Review. (ECF No. 110.) The Court construes the motions as Plaintiff's requests for injunctive relief.

Following a review of the record and after consideration of the parties' arguments, I recommend the Court deny Plaintiff's motions.

**Background**

Plaintiff alleges that individuals responsible for the medical care at the Maine State Prison have not provided the appropriate treatment for gender dysphoria. Plaintiff contends

that as of the date of the complaint, there was still no treatment plan in place.[1] (Complaint at 4, ECF No. 1.) In the motion for an order regarding medical services, Plaintiff requests certain treatment. (ECF No. 89.) Plaintiff maintains that the lack of appropriate medication and treatment has caused physical and emotional suffering. (ECF No. 89-1 at 6.)

In the First Motion for Judicial Review, Plaintiff provides some additional information regarding potential therapies, and alleges an assault by another inmate in January 2018. (ECF Nos. 101-104.) In the Second Motion for Judicial Review, Plaintiff includes information regarding the availability of the requested treatment in other states, describes the injuries resulting from the alleged prison assault, and provides documents related to a grievance related to a hormone treatment plan. (ECF No. 110.)

The State Defendants characterize Plaintiff's request as a disagreement over the proper course of treatment that does not generate a constitutional issue. (ECF No. 94 at 1.) In support of their argument, the State Defendants report: "Pursuant to the Department's policy regarding transgender prisoners, the state and medical defendants have convened a multidisciplinary team which has met a number of times over the past year to review plaintiff's situation, including requests for specific medical care and other accommodations." (*Id.* at 2.) Additionally, Defendants introduced progress notes from

---

[1] In accordance with Plaintiff's request (Motion, ECF No. 73), the Court stayed further proceedings in the matter until a telephonic conference could be arranged. (Order, ECF No. 76.) Following a telephonic conference of the parties, the Court continued the stay in effect. (Order, ECF No. 82.) The matter was stayed principally to permit an opportunity to explore legal representation for Plaintiff. Following a more recent telephonic conference of the parties, the Court lifted the stay. (Order, ECF No. 107.)

Plaintiff's treatment chart. The documents reflect that a team meeting was held with Plaintiff to develop and implement a treatment plan.

The CCS Defendants also oppose the request for injunctive relief. They write:

> Gender dysphoria is a serious medical condition, which requires an individualized approach to treatment in order to address a particular patient's needs. Treatment for gender dysphoria is complex and multifactorial and involves coordination between mental health care and medical care. In the correctional setting, that treatment is further complicated by correctional concerns, including housing and security.

(ECF No. 96 at 5.) The CCS Defendants contend injunctive relief is not warranted because the treatment plan is reasonable and, given the plan, Plaintiff cannot demonstrate a likelihood of success on the merits of the claim, and cannot establish irreparable harm, the absence of a harm to the public interest, or that the potential harm to Plaintiff outweighs Defendants' interest in administering prison healthcare without court intervention. (*Id.* at 7 – 10.)

**Discussion**

When evaluating a request for injunctive relief, courts "must consider (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest." *Ross–Simons of Warwick, Inc. v. Baccarat, Inc.,* 102 F.3d 12, 15 (1st Cir. 1996) (citing *Weaver v. Henderson,* 984 F.2d 11, 12 &n.3 (1st Cir. 1993), and *Narragansett Indian Tribe v. Guilbert,* 934 F.2d 4, 5 (1st Cir. 1991)). "The sine qua non of this four-part inquiry is likelihood of success on the

merits; if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002).

To prevail in this case, Plaintiff must demonstrate that Defendants have acted with "deliberate indifference" toward "a substantial risk of serious harm to health," *Coscia v. Town of Pembroke*, 659 F.3d 37, 39 (1st Cir. 2011), or "serious medical need[]," *Feeney v. Corr. Med. Servs.*, 464 F.3d 158, 161 (1st Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105 –106 (1976)). For a medical condition to be objectively "serious," there must be "a sufficiently substantial 'risk of serious damage to [the inmate's] future health.'" *Farmer v. Brennan*, 511 U.S. 825, 843 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). To be actionable, a deliberate indifference claim must satisfy both an objective and a subjective standard. *Leavitt v. Corr. Med. Servs.*, 645 F.3d 484, 497 (1st Cir. 2011).

The objective standard focuses on the seriousness of the risk of harm to the inmate's health. For a medical condition to be objectively "serious," there must be "a sufficiently substantial 'risk of serious damage to [the inmate's] future health.'" *Farmer v. Brennan*, 511 U.S. 825, 843 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). A medical need is serious if it has been diagnosed by a physician as mandating treatment, or is so obvious that even a lay person would recognize a need for medical intervention. *Leavitt*, 645 F.3d at 497; *Gaudreault v. Mun. of Salem*, 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (1991).

The subjective standard involves the culpability of the defendant. To establish liability, a plaintiff must establish that a defendant possessed a culpable state of mind

amounting to "deliberate indifference to an inmate's health or safety." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). Deliberate indifference is akin to criminal recklessness, "requiring actual knowledge of impending harm, easily preventable." *Feeney*, 464 F.3d at 162 (quoting *Watson v. Caton*, 984 F.2d 537, 540 (1st Cir. 1993)). The focus of the deliberate indifference analysis "is on what the jailers knew and what they did in response." *Burrell v. Hampshire Cnty.*, 307 F.3d 1, 8 (1st Cir. 2002). In other words, the subjective standard focuses on whether the Defendants had a "purposeful intent" to neglect Plaintiff's serious medical needs. *Perry v. Roy*, 782 F.3d 73, 79 (1st Cir. 2015) (citing *Estelle,* 429 U.S. at 105). A showing of such an intent requires evidence that the alleged absence or inadequacy of treatment was intentional. *Id.* (citing *Estelle*, 429 U.S. at 105 (holding that "an inadvertent failure to provide adequate medical care" is not a constitutional violation), and *Watson,* 984 F.2d at 540 ("The courts have consistently refused ... to conclude that simple medical malpractice rises to the level of cruel and unusual punishment.")). "The typical example of a case of deliberative indifference would be one in which treatment is denied in order to punish the inmate." *Id.* (internal quotation marks omitted).

Deliberate indifference thus must be based on much more than ordinary negligence. The First Circuit has explained:

> A finding of deliberate indifference requires more than a showing of negligence. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Sires v. Berman*, 834 F.2d 9, 13 (1st Cir. 1987). A plaintiff claiming an eighth amendment violation with respect to an inmate's serious mental health or safety needs must allege "acts or omissions sufficiently harmful to evidence deliberate indifference." *Estelle*, 429 U.S. at

5

> 106; *see also Cortes-Quinone v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir.), *cert. denied*, 488 U.S. 823 (1988). Although this court has hesitated to find deliberate indifference to a serious need "[w]here the dispute concerns not the absence of help, but the choice of a certain course of treatment," *Sires*, 834 F.2d at 13, deliberate indifference may be found where the attention received is "so clearly inadequate as to amount to a refusal to provide essential care."

*Torraco v. Maloney*, 923 F.2d 231, 234 (1st Cir. 1991).

Here, the record reflects that a treatment plan has been implemented. In addition, a multi-disciplinary team meets at least quarterly to assess whether any change in treatment is necessary. While Plaintiff evidently disagrees with some aspects of the treatment plan, to constitute deliberate indifference, a dispute over the "choice of a certain course of treatment" requires a showing that the attention devoted to the matter is "so clearly inadequate as to amount to a refusal to provide essential care." *Torraco*, 923 F.2d at 234.

Given the treatment currently provided to Plaintiff,[2] Plaintiff has failed to demonstrate a likelihood of success on the deliberate indifference claim. Plaintiff, therefore, is not entitled to injunctive relief at this stage of the proceedings.

## Conclusion

Based on the foregoing analysis, I recommend the Court deny Plaintiff's Motion for Order of Medical Services (ECF No. 89), Plaintiff's First Motion Requesting Judicial Review (ECF No. 101), and Plaintiff's Second Motion Requesting Judicial Review. (ECF No. 110.)

---

[2] Injunctive relief is prospective in nature, and is concerned with existing conditions; it is not a form of punishment for retrospective deprivations. *United States v. Oregon State Med. Soc.*, 343 U.S. 326, 333 (1952).

## NOTICE

      A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

      Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

      /s/ John C. Nivison
      U.S. Magistrate Judge

Dated this 4th day of May, 2018