UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WALTER WILLIAM MOORE, a/k/a Nikki Natasha Petrovickov, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) 1:16-cv-00398-NT ) |
| MAINE DEPARTMENT OF CORRECTIONS, et al., | ) ) ) |
| Defendants | ) ) |

**ORDER ON MOTION TO STAY/MOTION TO AMEND COMPLAINT/
MOTION FOR DOCUMENTS**

This matter is before the Court on Plaintiff's motions to stay this action, to amend the complaint, and for the production of certain documents. (Motion, ECF No. 126.) Following a review of the motions, and after consideration of the parties' arguments, the Court denies the motions.

**Discussion**

A. <u>Motion to Stay</u>

The District Court has discretion to grant a temporary stay. *Good v. Altria Grp., Inc.*, 624 F. Supp. 2d 132, 134 (D. Me. 2009). "Generally, in evaluating whether to issue a stay, a court will consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party without a stay; and, (3) judicial economy." *Id.*

Plaintiff requests a stay of this matter until six months after receipt of certain documents. Plaintiff's request for documents has been the subject of several motions the Court has addressed. (Orders, ECF Nos. 121, 139, 141, 144, 149.) Plaintiff's concerns about the documents does not warrant a stay. The matter has been pending for more than two years, and the Court previously stayed the matter at Plaintiff's request. (Orders, ECF Nos. 76, 82.) The matter should proceed to resolution. After considering the relevant factors, including the interests of all parties, the Court finds no reasonable basis for the requested stay.

B. Motion to Amend Complaint

Plaintiff seeks to amend and expand the claim, evidently to include a claim based on the Americans with Disabilities Act. Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a litigant to amend a pleading "once as a matter of course," subject to certain time constraints. After the defendant files an answer to a complaint, freedom to amend the complaint without leave of court is permitted within 21 days of the date on which the answer was filed. Fed. R. Civ. P. 15(a)(1)(A). Thereafter, leave of court is required, though leave should be granted "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962). The standard is elevated, however, when the motion seeking leave to amend is filed after the deadline for amendment of the pleadings found in the Court's scheduling order. A motion to amend that is filed beyond the scheduling order deadline requires an amendment of the scheduling order. To obtain an amendment of the scheduling order, a party must demonstrate "good cause." *Johnson v. Spencer Press of Maine, Inc.*, 211 F.R.D. 27, 30 (D. Me. 2002); *El–*

*Hajj v. Fortis Benefits Ins. Co.,* 156 F. Supp. 2d 27, 34 (D. Me. 2001); Fed. R. Civ. P. 16(b)(4).

A court's decision on good cause "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Steir v. Girl Scouts of the USA,* 383 F.3d 7, 12 (1st Cir. 2004). "Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy.'" *Id.* (quoting *Acosta–Mestre v. Hilton Int'l of P.R., Inc.,* 156 F.3d 49, 52 (1st Cir. 1998)). It is within a court's discretion whether to grant a late motion to amend, and that discretion should be exercised on the basis of the particular facts and circumstances of the case. *Id.*

As mentioned above, this matter has been pending for more than two years, the deadline for amendment to the pleadings has passed, and discovery is closed. Several parties have filed a motion for summary judgment. (Motion, ECF No. 133.) To permit the amendment at this stage of the proceedings would be prejudicial to the defendants as it would likely require further discovery and delay the resolution of the matter. The Court concludes that an amendment at this stage of the proceedings is not appropriate.

C. Motion for Documents

As explained above, the Court has addressed several similar motions for documents filed by Plaintiff. (Orders, ECF Nos. 121, 139, 141, 144, 149.) The Court believes the prior orders have adequately addressed the issue, and that a further order of the Court is not warranted.

## Conclusion

Based on the foregoing analysis, the Court denies Plaintiff's Motion to Stay, Motion to Amend, and Motion for Documents.  (ECF No. 126.)

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 9th day of November, 2018.